■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN BLANCHFIELD, Appellant.— Judgment of conviction rendered May 14, 1965, unanimously reversed, on the law and the facts and as a matter of discretion, and said judgment vacated, and judgment rendered April 29, 1965, reinstated. While defendant was on trial on an indictment charging murder in the first degree, the court, on the recommendation of the District Attorney, accepted a plea of guilty to the crime of manslaughter in the first degree. On April 29, 1965, the court sentenced the defendant to a term of 5 to 10 years in prison. Later that day, upon receipt of a communication from the District Attorney, the court stayed the execution of the sentence. Up to this time the court had not signed an order of commitment to the Correction Department, which order is, in effect, a direction to that department to transport the prisoner to the State Prison. Thereafter, on May 14, 1965, the court, on the basis of additional information supplied by the District Attorney, vacated the earlier sentence and sentenced defendant to a term of 7 years and 6 months to 15 years. Defendant has raised several questions on which, in the view we take, we do not find it necessary to pass. The communication of the District Attorney on which the court acted was in effect that defendant was actually guilty of murder in the first degree. And although the plea was not changed, the court was requested to sentence accordingly. Doubtless if the court receives information bearing on the background of the defendant and the possibility of rehabilitation — which information was not before the court at the time of sentence — and provided that the court had not lost jurisdiction by virtue of the commencement of the term of imprisonment (Penal Law, § 2188), a new sentence would be in order. But the facts in regard to the crime to which the defendant seeks to plead guilty must be resolved by the court before he accepts the plea. And the plea having been accepted, sentence should be in accord with the crime pleaded to as committed by the acts already found. In the instant case we can see no material consequence in the distinction between the sentences imposed. The term in excess of the minimum imposed is within the competence of the Parole Board, and if the additional facts which influenced the court have a like effect on the board, they will act accordingly. Motion for an order directing that the probation report of defendant-appellant be made available to his counsel

for use upon the appeal dismissed, having become academic by virtue of the decision of this court on appeal decided herewith. Concur — Breitel, J. P., Stevens, Steuer, Capozzoli and Witmer, JJ.